## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **BRENNEN M. SMITH,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00439 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J.C. STREEVAL, WARDEN,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Brennen M. Smith, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

The petitioner, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his federal sentence.[1] He contends that the Bureau of Prisons has failed to give him prior custody credit against this sentence for time imposed in a later state sentence. For the reasons set forth in this Opinion, the petition will be denied.

I.

The facts apparent from the record show as follows.

On January 29, 2017, Smith was arrested and confined awaiting trial on state charges. On April 27, 2017, he was released to the United States Marshals Service

---

[1] At the time he filed his petition, Smith was confined at the United States Penitentiary Lee, located in this judicial district. He has since been transferred to another federal prison.

on federal charges, although the state charges were still pending.  On December 6, 2018, he was sentenced by the United States District Court for the Central District of Illinois to a 115-month term of imprisonment in Case No. 4:17-cr-40039-001 for being a felon in possession of a firearm and unlawfully possessing stolen goods.  A few days later, on December 11, 2018, he was sentenced by an Iowa state court to two years imprisonment in Case No. FECR056496 for operating a vehicle without the owner's consent.  The judgment entered by the state court provided that "[t]he sentences [sic] shall be concurrent to the sentence imposed in federal court and the sentence shall be served in federal custody case cr-40030-001 and state case FECR056496."  Resp't's Mem. Ex. 1, Colston Decl., Attach. F at 2, ECF No. 6-7.

On March 1, 2019, it was discovered that the release of Smith to the Marshals Service on April 27, 2017, had been in error and he was returned to the Iowa Department of Corrections to compete service of his state sentence.  He was paroled from that sentence on June 21, 2019, and released to the Marshals Service for service of his federal sentence.  The Bureau of Prisons (BOP) has granted him 681 days of prior custody credit from the time of his initial arrest on January 29, 2017, to December 10, 2018, the day before his state sentencing, since that time was not credited to his state sentence.   Colston Decl. ¶ 16, ECF No. 6-1.  However, Smith seeks additional credit for the time he spent in state custody actively serving his state sentence from December 11, 2018, to June 20, 2019.   The BOP has denied that

additional credit on the ground that it was credited to his state sentence and to give him credit for it against the federal sentence would constitute double credit. *Id.* at ¶ 19.

Smith's petition has been fully briefed and is ripe for determination.

II.

Prior custody credit by the BOP is governed by 18 U.S.C. § 3585(b), which allows certain credit for official detention prior to the date the sentence commences "that has not been credited against another sentence." *Id.* The BOP was correct in not allowing Smith prior custody credit for the time credited against his state sentence.

Smith contends that he was always in primary federal custody and thus his time serving his state sentence should count as credit against his federal sentence. The facts do not support that claim. The Iowa Board of Parole released Smith on June 18, 2018, to the federal detainer and ordered him transported "to the federal system," indicating that the state clearly considered Smith in primary state custody. Pet'r's Mot. Attach. E, ECF No. 13-1. Moreover, Iowa granted Smith 80 days credit against his state sentence for the time he erroneously spent in federal custody. Colston Decl., Attach. G, ECF No. 6-8. As the government has pointed out, mistakes in transfers of custody between respective sovereigns do not constitute a waiver of primary custody. See, e.g., *Johnson v. Gill*, 883 F.3d 756, 765 (9th Cir. 2018).

The fact that the state judge ordered the state sentence to run concurrently with the earlier federal sentence did not reverse the primacy of the state custody. While the federal sentencing court had the power to run Smith's federal sentence concurrently with the future primary state sentence, it did not do so nor was it required to so direct.  See *United States v. Lynn*, 912 F.3d 212, 216–18 (4th Cir. 2019).  The BOP has the power to designate retroactively the place of imprisonment for a federal sentence, 18 U.S.C. 3621 (b), and Smith has applied to the BOP for such a designation.   Nevertheless, the BOP is not required to grant such an application.  *Brown v. Zych*, No. 7:11-cv-00605, 2012 WL 5386339, at *7 (W.D. Va. Nov. 1, 2012).

III.

For the foregoing reasons, it is ORDERED as follows:

1.     Respondent's Motion for Summary Judgment, ECF No. 5, is GRANTED;

2.     Petitioner's Motions for Summary Judgment, ECF Nos. 10, 15, Motion for Judgment, ECF No. 16, and Notice of BOP Policy, ECF No. 17, are DENIED; and

3.     The Petition for Writ of Habeas Corpus under 28 U.S.C. 2241, ECF No. 1, is DENIED.

A separate judgment will be entered herewith.

ENTER:   September 29, 2021

/s/  JAMES P. JONES
Senior United States District Judge